In the Matter of SAMUEL A. GOLDBERG, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, January 9, 1975.

*John G. Bonomi* of counsel (*Morris Gutt* with him on the brief), for petitioner.

*Jerome J. Margolies* for respondent.

*Per Curiam.* Respondent was admitted to practice law on December 4, 1950. He was subsequently charged in a disciplinary proceeding with neglect in the prosecution of certain matters and was suspended for a period of two years, effective March 29, 1968, with the observation that he "appears to have attempted to pursue extra-curricular activities which have excessively involved him to the detriment of his professional career" (*Matter of Goldberg,* 29 A D 2d 297, 298). The charges of professional misconduct herein stem from neglect in the prosecution of two court matters for which respondent was retained prior to his suspension and which were dismissed for nonappearance subsequent to such suspension. Respondent, essentially, admits the charges and in mitigation points out that as to one of the court matters, he agreed to hold his clients harmless and to waive any defense to a malpractice suit and that this matter was concluded by new counsel by way of settlement, and that as to the remaining matter, he personally agreed to and did pay his client the sum of $1,250.

Respondent is approximately 54 years old, married, and has three children. As noted in *Matter of Goldberg (supra),* he

" served in the Air Corps of the United States Army from 1942 to 1945, was an officer and navigator with the 367th Squadron of the First Division of the Eighth Air Force in the European theatre, participated and flew in 35 combat missions, was honorably discharged in August, 1945, and was a member of the Reserve until 1949 ". At the expiration of the two-year suspension period, respondent did not seek reinstatement or resume the practice of law, attributing this self-imposed punishment to loss of self-respect. The Referee appointed by order of this court to hear and report with respect to the charges herein, found the charges sustained insofar as they are admitted by the pleadings and aptly noted that " the professional misconduct which was charged and proved, seems to be a continuation of that for which respondent was previously disciplined ".

The Referee's report is in all respects confirmed. In view of the nature of the misconduct charged and sustained herein (as characterized above by the Referee), the fact that respondent has endeavored to mitigate any damage caused to his clients on the occasions of such misconduct and the fact that since March 29, 1968, respondent has, in effect, been suspended and refrained from the practice of law, it is concluded that respondent should be censured.

MARKEWICH, J. P., LUPIANO, TILZER, CAPOZZOLI and LANE, JJ., concur.

Respondent censured.